IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

FRED CHARLES RAMSEY;
DELLA DICHARRY-RAMSEY; and
GLENN COUNTY, CALIFORNIA,

       Defendants.

Case No. 2:15-cv-01236-GEB-AC

## ORDER OF FORECLOSURE AND JUDICIAL SALE

Before the Court is the parties' *Joint Stipulation for Entry of Judgment* (Doc. 13) and *Joint Response to Court Order and Request for Entry of Judgment and Order of Foreclosure* (Doc. 19). The parties' Joint Stipulation is hereby GRANTED and this Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§2001 and 2002 and 26 U.S.C. §§7402 and 7403. The Court hereby ORDERS as follows:

    1.    Fred Charles Ramsey is indebted to the United States for unpaid individual income taxes for the 1999, 2000, 2001, and 2002 tax years, in the amount of $54,443.89, as of May 14, 2015, plus statutory interest and other statutory additions as provided by law, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid. The Court entered judgment (Doc. 20) in favor of the United States and against Fred Charles Ramsey for his individual income taxes for the 1999, 2000, 2001, and 2002 tax years, in the amount of $54,443.89, as of May 14, 2015, plus statutory additions, including interest, which continue to accrue until paid in full.

2. Fred Charles Ramsey and Della-Dicharry Ramsey are indebted to the United States, jointly and severally, for unpaid individual income taxes for the 2003, 2004, 2005, 2006, and 2007 tax years, in the amount of $75,798.47, as of May 14, 2015, plus statutory interest and other statutory additions as provided by law, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid. The Court entered judgment (Doc. 20) in favor of the United States and against Fred Charles Ramsey and Della Dicharry-Ramsey, jointly and severally, for their individual income taxes for the 2003, 2004, 2005, 2006, and 2007 tax years, in the amount of $75,798.47, as of May 14, 2015, plus statutory additions, including interest, which continue to accrue until paid in full.

3. This Order pertains to two parcels of real property owned by Fred Charles Ramsey and Della Dicharry-Ramsey (the "Subject Property"), which are located at 828 South Tehama Street, Willows, CA 95988. The property, APN 001-122-0010 ("Parcel 1") and APN 001-122-0020 ("Parcel 2"), is more particularly described as follows:

> All that certain real property situate in the City of Willows County of GLENN, State of California, and being more particularly described as follows:
>
> Lots 1, 2 and 3 of Block "E" all in Davis & Wampler's Subdivision of Villa Block "E" and Lots 1 of Villa Block 23 of South Willows, West Willows and Villa Lots of the Willows Land and Improvement Company, as per map or plat of said subdivision now on file and of record in the office of the County Recorder of said Glenn County, in Book 2 of Maps and Surveys, at page 248.
>
> ALSO:
>
> Lots 4, 5, 6 and 7 EXCEPT the North 8.5 feet of said Lot 7 in Block "E" of Davis and Wampler's Resubdivision of Villa Block "E" and Lot 1 of Villa Block 23 of South Willows, West Willows and Villa Lots of the Willows Land and Improvement Company, according to the official map thereof filed in the office of the County Recorder of the County of Glenn, State of California, in Book 2 of Maps and Surveys, at page 251.

4.      The United States has valid and subsisting tax liens on all property and rights to property of Fred Charles Ramsey, individually, and Fred Charles Ramsey and Della Dicharry-Ramsey, jointly and severally, including both parcels making up the Subject Property, arising from the assessments described in Paragraphs 8 and 9 of the United States' Complaint (Doc. 1), which liens are effective as of the dates of those assessments. The United States further protected its liens by filing Notices of Federal Tax Liens with the Glenn County, California Recorder's Office.

5.      26 U.S.C. §7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Fred Charles Ramsey, individually, and Fred Charles Ramsey and Della Dicharry-Ramsey, jointly and severally.

6.      The United States' federal tax liens against the Subject Property are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§2001 and 2002 to offer for public sale and to sell Parcel 1 and Parcel 2 of the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshall or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

7.      The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other

person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

       8.      The terms and conditions of the sale are as follows:

            a.      Except as otherwise stated herein, the sale of Parcel 1 and Parcel 2 of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

            b.      The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

            c.      The sales shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

            d.      Notice of the sales shall be published once a week for at least four consecutive weeks before the date fixed for the sales in at least one newspaper regularly issued and of general circulation in Glenn County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales.** The notice or notices of sale shall describe Parcel 1

and Parcel 2 of the Subject Property, separately, and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f. Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of each parcel of the Subject Property, or both parcels (depending on the circumstances) in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be

forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Fred Charles Ramsey and Della Dicharry-Ramsey herein. Each parcel of the Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder or bidders (if there are multiple sales). The United States may bid as a credit against its judgment without tender of cash.

h.  The sales of Parcel 1 and Parcel 2 of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.  Upon confirmation of the sale or sales, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying Parcel 1 and Parcel 2 of the Subject Property to the purchaser or purchasers.

j.  Upon confirmation of the sale or sales, the interests of, liens against, or claims to the residence and to the vacant lot held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. **Redemption rights under state or local law shall not apply to this sale under federal law.**

k. Upon confirmation of the sale or sales, the purchaser or purchasers shall have the Recorder of Deeds of Glenn County, California cause the transfer of the Subject Property to be reflected in the Glenn County property records.

9. Until Parcel 1 and Parcel 2 of the Subject Property are sold, Fred Charles Ramsey and Della Dicharry-Ramsey shall take all reasonable steps necessary to preserve the residence and the vacant lot (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on both parcels of the Subject Property. They shall keep current in paying real property taxes as they are assessed by Glenn County, California and may not allow any balance currently due to Glenn County, California for property taxes to increase during the 11-month stay of the Order of Foreclosure and Judicial Sale. They shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of Court and punishable as such. The 11-month stay of this Order, described in Paragraph 14, below, shall be lifted by the Court in the event any of the provisions of this paragraph are violated.**

10. All persons occupying the Subject Property shall leave and vacate permanently such properties no later than the day after the 11-month stay of this Order, described in Paragraph 14, below, expires, each taking with them his or her personal property (but leaving all

improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the residence or the vacant lot by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

11. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale or sales of each parcel of the Subject Property are confirmed by this Court, either parcel of the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

12. If Fred Charles Ramsey, Della Dicharry-Ramsey, or any other person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 10, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for counsel for the United States, Ryan S. Watson, at (202) 514-5173. If Fred Charles Ramsey or Della Dicharry-Ramsey vacates the Subject Property prior to the deadline set forth in Paragraph 10, they shall file a forwarding address with the Court

within 15 days of vacating the property and shall serve a copy of the same upon the United States and all other parties to this litigation.

13. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Glenn County for any Glenn County property tax liens upon the real property entitled to priority over prior security interests under California state law; and third, to the United States of America to satisfy or partially satisfy the federal tax liabilities of Fred Charles Ramsey, individually, and Fred Charles Ramsey and Della Dicharry-Ramsey, jointly and severally, at issue herein. Should there then be any remaining proceeds, those proceeds should be distributed to Fred Charles Ramsey and Della Dicharry-Ramsey.

14. This Order is stayed for a period of 11 months after the date on which it is signed, except for the provisions contained in Paragraphs 1, 2, and 9, above, which shall take effect on the date on which this Order is signed.

Dated: January 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge